UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EUGENE HEISE,
                                        **DECISION AND ORDER**
        Petitioner,            **No. 08-CV-0773T**

  -vs-

STATE OF NEW YORK

        Respondent.

_____

## I. Introduction

*Pro se* petitioner Eugene Heise ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered October 11, 2002, in New York State, Wayne County, County Court (Hon. John B. Nesbitt), convicting him, upon a plea of guilty, of two counts of Sexual Abuse in the First Degree (N.Y. Penal Law ("Penal Law") § 130.65 [3]).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II. Factual Background and Procedural History

On January 23, 2002, a Wayne County Grand Jury charged Petitioner with six counts of Sexual Abuse in the First Degree and two counts of Endangering the Welfare of a Child. See Ind. No. 02-13 (Resp't Ex. L at 5-8). The charges arose from several incidents that occurred in 2001 while Petitioner was living at the home of

victims' parents. During that time, while babysitting the victims, aged 6 and 7, Petitioner sexually molested the two young sisters by touching their vaginal areas over and underneath their clothing. Hr'g Mins. [H.M.] 9-14.

On October 11, 2002, Petitioner appeared, with counsel, before Judge Nesbitt and offered to plead guilty to the first two counts of the indictment, which charged first-degree sexual abuse of both children, in full satisfaction of the indictment and in exchange for two consecutive, five-year prison sentences, a period of post-release supervision between three and five years, and a permanent order of protection. Plea Minutes [P.M.] 2 (Resp't Ex. A).

In his plea colloquy, Petitioner admitted that on or about November 1, 2001, in the County of Wayne, he placed his hand on 7-year-old A.K.'s[1] vagina. Id. at 5. He also admitted that on or about that same date, he placed his hand on 6-year-old A.K.'s vagina. Id. at 5-6.

The county court accepted the plea and moved the matter to sentence. Id. at 8. As agreed, Petitioner was sentenced to a determinate five-year prison term for each count of first-degree sexual abuse, to run consecutively to each other, plus a five-year term of post-release supervision. Id. at 12-13. The court also entered an order of protection, effective from the day of

---

[1] The names of the minor victims and other identifying information have been withheld from this Decision and Order.

sentencing until October 11, 2015, which prohibited Petitioner to have any contact with the victims and to avoid the victims' homes, schools, businesses, and places of employment. Id. at 13-14.

Subsequently, Petitioner filed three motions, pursuant to N.Y. Crim. Proc. Law ("C.P.L.") § 440, to vacate his judgment of conviction.[2] Each of these motions was denied by the Wayne County Court, and Petitioner failed to appeal the denials in the Appellate Division, Fourth Department. See Dec. in Opp'n to Pet. for a Writ of Habeas Corpus [Dec.], at ¶ 5 (Dkt. #16).

On January 17, 2007, Petitioner, through counsel, appealed his judgment of conviction in the Appellate Division, Fourth Department on the following grounds: (1) involuntary guilty plea; (2) Petitioner's statements to a social worker should have been suppressed; and (3) the order of protection was "too long in duration." See Appellant's Br., Points I-III (Resp't Ex. K). On June 8, 2007, the Appellate Division, Fourth Department unanimously affirmed Petitioner's conviction. People v. Heise, 41 A.D.3d 1255 (4th Dep't 2007) (Resp't Ex. O); lv denied, 9 N.Y.3d 1006 (2007) (Resp't Ex. U).

On or about May 1, 2008, Petitioner, proceeding *pro se*, filed a fourth C.P.L. § 440 motion on the ground that his conviction violated double jeopardy principles. See Pet'r C.P.L. § 440 motion

---

[2] Petitioner's first two C.P.L. § 440 motions were not included as part of the record. Petitioner's third C.P.L. § 440 motion is included as part of the record at "H" of Respondent's exhibits.

-3-

dated 05/01/08 (Resp't Ex. P). In a Memorandum-Decision dated June 23, 2008, the county court denied Petitioner's motion on procedural grounds. See Mem.-Decision, Ind. No. 02-13, dated 06/23/08 (Resp't Ex. R). Petitioner did not appeal the denial of the motion to the Appellate Division, Fourth Department. See Dec., at ¶ 5.

In the instant habeas corpus petition, filed on or about October 17, 2008, Petitioner raises the following grounds for relief: (1) involuntary guilty plea; (2) the state police coerced his confession; (3) a Fourth Amendment violation; and (4) a violation of double jeopardy principles. See Pet., at ¶ 22A-D (Dkt. #1). Petitioner's first claim –- that his plea was not knowing and voluntary –- is exhausted. His remaining claims are not; the Court deems them exhausted, but procedurally defaulted.

**III. General Principles Applicable to Habeas Review**

    **A. The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state

court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to

-5-

suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

### B. Exhaustion and Procedural Default

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995)." The exhaustion requirement is not satisfied unless the federal claim has been "fairly presented" to the state courts. Daye v. Attorney

General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984). However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263, n.9 (1989) (other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Id.

The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice (i.e., actual innocence). See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977); see also Sawyer v. Whitley, 505 U.S. 333, 277-78 (1992).

**C.   The Adequate and Independent State Ground Doctrine**

A procedural default generally bars a federal court from reviewing the merits of a habeas claim. Wainwright, 433 U.S. at 87-91. Federal habeas review is prohibited if a state court rests its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment." Cotto v.

Herbert, 331 F.3d 217, 238 (2d Cir. 2003) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)); accord Jones v. Stinson, 229 F.3d 112, 117 (2d Cir. 2000). A state procedural bar qualifies as an "independent and adequate" state law ground where "'the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.'" Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995) (quoting Harris, 489 U.S. at 262). A state procedural rule will be adequate to preclude habeas review if it is "firmly established and regularly followed," unless the state rule is "exorbitant." Lee v. Kemna, 534 U.S. 362, 376 (2002) (quoting James v. Kentucky, 466 U.S. 341, 348 (1984)).

A federal court may review a claim, notwithstanding the petitioner's default, if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman, 501 U.S. at 750; see also Levine, 44 F.3d at 126; Grey, 933 F.2d at 121. Alternatively, even if the petitioner is unable to show cause and prejudice, the court may consider the claim if he can demonstrate that failure to do so will result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**IV. Petitioner's Claims**

**1. Involuntary Guilty Plea**

In ground one of the petition, Petitioner argues that his guilty plea was not knowing and voluntary because the court did not question him in detail as to the "sexual contact" element of the crime of first-degree sexual abuse.[3]  See Pet., at ¶ 22A; see also Appellant's Br., Point I.  Petitioner raised this claim on direct appeal and the Appellate Division, Fourth Department found that it was unpreserved for review because Petitioner had failed to move to withdraw the plea or vacate the judgment of conviction on the ground that the plea allocution was factually insufficient.[4] Heise, 41 A.D.3d at 1256.  Respondent contends that the appellate court relied upon an adequate and independent state ground to dismiss the claim as procedurally barred, thereby precluding federal habeas review of the claim by this Court.  See Resp't Mem., at 17-19 (Dkt. # 16).  This Court agrees.

The Supreme Court has held that federal courts shall "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Coleman, 501 U.S. at 729 (citations omitted).  "This

---

[3]   In the habeas petition, Petitioner does not state any supporting fact(s) for this claim.  Presumably, he raises the same claim in the instant proceeding as he did on direct appeal.

[4]   The Appellate Division, Fourth Department found as follows: "Defendant failed to move to withdraw the plea or to vacate the judgment of conviction, and his challenge to the factual sufficiency of the plea allocution therefore is unpreserved for our review.  This case does not fall within the narrow exception to the preservation requirement set forth in People v. Lopez."  Heise, 41 A.D.3d at 1256 (internal citations omitted).

rule applies whether the state law ground is substantive or procedural." Id. (citations omitted). The independent and adequate state ground doctrine may bar federal habeas review "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement" for in such cases "the state judgment rests on independent and adequate state procedural grounds." Id. (citing, *inter alia*, Wainwright, 433 U.S. at 81). Thus, an adequate and independent finding of procedural default precludes federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that the failure to consider the federal claim on habeas review will result in a miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 485 (1986).

Here, the state appellate court relied upon an "adequate and independent state ground" in rejecting Petitioner's contention regarding the voluntariness of his guilty plea on the ground that the plea allocution was factually insufficient. The procedural bar clearly was an "independent" ground since it was the sole basis for the state court's decision on this issue. Furthermore, as discussed below, it was a fully "adequate" basis for the decision.

"[A] procedural bar will be deemed 'adequate' only if it is based on a rule that is 'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d

-10-

Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). Whether application of the procedural rule is "'firmly established and regularly followed'" must be judged in the context of "the specific circumstances presented in the case," and "of the asserted state interest in applying the procedural rule in such circumstances." Cotto, 331 F.3d at 240 (quoting Lee, 534 U.S. at 386-87). New York courts have long required that challenges to the factual sufficiency of a guilty plea must be preserved in a motion to withdraw the plea or a motion to vacate the judgment of conviction.[5] See People v. Lopez, 71 N.Y.2d at 662, 666 (1988); see e.g., People v. Thomas, 17 A.D.3d 1123 (4th Dep't 2005) ("[D]efendant contends that his plea allocution was insufficient because he negated the essential element of intent. That contention is not preserved for our review inasmuch as County Court conducted the requisite further inquiry and defendant did not thereafter raise any further objections or move to withdraw his plea or to vacate the judgment of conviction.") (internal citations and quotations omitted); People v. Martinez, 286 A.D.2d 447 (2d Dep't 2001) ("The defendant did not preserve for appellate review

---

[5] A narrow exception to this rule exists: "where a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered." Lopez, 71 N.Y.2d at 666. If the court fails to make such an inquiry before accepting the plea, the defendant may challenge the plea on appeal, even if he did not raise this argument in any post-allocution motions. Id. Here, the Appellate Division, Fourth Department determined that this exception did not apply in Petitioner's case. See Heise, 41 A.D.3d at 1256.

his claim that his plea allocution was defective because he failed to move to withdraw his plea of guilty. This case does not fit within the narrow exception to the preservation doctrine set forth in People v Lopez.") (internal citations omitted); People v. Wallace, 247 A.D.2d 257, 259 (1st Dep't 1998) ("[T]o preserve a challenge to the facial sufficiency of a plea allocution, a defendant must make a N.Y. Crim. Proc. Law § 220.60(3) motion to withdraw the plea or, where applicable, a N.Y. Crim. Proc. Law § 440.10 motion to vacate the conviction."). Habeas courts have likewise acknowledged that this rule is well-established in New York plea preservation jurisprudence. See, e.g., Brown v. Rivera, 05-CV-1478 (RFT), 2008 U.S. Dist. LEXIS 48353, *6 (N.D.N.Y. June 23, 2008) (finding petitioner's failure to properly preserve his involuntary plea claim is an independent and adequate state ground barring habeas review); Robles v. Fischer, 05 Civ. 3232 (JSR)(FM), 2008 U.S. Dist. LEXIS 20493, *18-19 (S.D.N.Y. Feb. 22, 2008) (adopted by 2008 U.S. Dist. LEXIS 20638 (March 12, 2008)) (finding that the state court's express reliance on petitioner's failure to properly preserve his involuntary guilty plea claim constitutes an adequate and independent state ground for denial, thereby barring habeas review of claim).

As noted above, the procedural rule requiring a motion to withdraw the plea or to vacate the judgment to preserve a claim of involuntariness constituted the appellate court's sole basis for

decision in Petitioner's case, and, as the foregoing cases make clear, compliance with the rule was required in the circumstances presented here. See id. Furthermore, Petitioner failed to comply with the procedural rule. See id. Thus, the procedural bar relied upon by the appellate court in this case was "firmly established and regularly followed," and therefore constitutes an adequate state ground barring review of the merits of Petitioner's claim.

Finally, Petitioner has not endeavored to make a showing of cause and prejudice necessary to overcome the procedural bar. Nor has he demonstrated that this Court's failure to consider the claim will result in a miscarriage of justice. See Murray, 477 U.S. at 492; Wainwright, 433 U.S. at 87-91. Accordingly, habeas relief is not available to Petitioner on this ground and the claim is denied.

## 2. Petitioner's Remaining Claims are Deemed Exhausted, But Procedurally Defaulted

In grounds two-four of the petition, Petitioner argues that: (1) the state police coerced his confession; (2) his conviction was "obtained by use of evidence obtained pursuant to an unlawful arrest"; and (3) his conviction was obtained in violation of double jeopardy principles because he was convicted in both Family Court and County Court. See Pet., at ¶ 22B-D. All of these claims are unexhausted for purposes of federal habeas review.[6] Nonetheless,

---

[6] Claims one and two are unexhausted because they are raised for the first time in the instant habeas corpus petition. The third claim was raised in Petitioner's fourth C.P.L. § 440 motion; however, he failed to appeal the denial of that motion, thus rendering the claim unexhausted. See Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990) ("We have held that the exhaustion

as discussed below, because Petitioner no longer has state court remedies available to him within which to exhaust the claims, the Court deems the claims exhausted, but procedurally defaulted. See Grey, 933 F.2d at 120.

For exhaustion purposes, 28 U.S.C. § 2254(b)(1)(A) requires a petitioner "[to] give the state courts one full opportunity to resolve constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 842.

In this case, Petitioner's claims are deemed exhausted because state appellate review is no longer available to him. Petitioner has already used the one direct appeal to which he is entitled under New York law. See N.Y. Court Rules § 500.20. Collateral review of these claims -- by way of another C.P.L. § 440 motion -- is also barred because these claims involve matters of record that could have been raised on direct appeal, but unjustifiably were not. See C.P.L. § 440.10(2)(c) (the court must deny a motion to vacate a judgment when sufficient facts appear on the record to have permitted adequate review of the issue on appeal although no such review occurred due to Petitioner's unjustifiable failure to raise the issue on direct review). Thus, the claims are deemed

---

requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition. Pesina, by failing to appeal the denial of his Section 440.10 motion, has not fulfilled this requirement with respect to his ineffective assistance claim.").

exhausted, but procedurally barred from habeas review by this Court.

As discussed above, a finding of procedural default bars habeas review of the federal claim unless Petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the claim will result in a miscarriage of justice. See Murray, 477 U.S. at 492; Wainwright, 433 U.S. at 87-91. Petitioner has not endeavored to make any such showing.

Accordingly, habeas relief is not available to Petitioner, and claims two, three, and four are denied.

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York,

within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

                                         **S/Michael A. Telesca**

                                     _____
                                     HONORABLE MICHAEL A. TELESCA
                                     United States District Judge

DATED:    October 6, 2010
           Rochester, New York